Vacated by Supreme Court, February 28, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

WILLIAM L. JOHNSON, a/k/a Buddy,
  *Defendant-Appellant.*

No. 03-4105

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-02-148)

Submitted: August 28, 2003

Decided: October 17, 2003

Before WIDENER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

**COUNSEL**

Barron M. Helgoe, VICTOR VICTOR & HELGOE L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William L. Johnson pled guilty to distributing[1] a quantity of cocaine base (crack) on February 26, 2002 (Count Two of a four-count indictment), 21 U.S.C. § 841(a) (2000), and was sentenced as a career offender to a term of 151 months imprisonment. During the appeal period, Johnson filed a pro se motion for reconsideration of his sentence, alleging that his attorney had rendered ineffective assistance in several respects in connection with the sentencing.[2] The district court dismissed the motion for lack of jurisdiction.

Johnson contends on appeal that the court erred in dismissing his motion to reconsider and also raises another claim of ineffective assistance, arguing that his attorney was ineffective in failing to argue for a downward departure based on his physical condition. *U.S. Sentencing Guidelines Manual* § 5H1.4, p.s. (2002).

We are unable to determine on the record before us whether the district court correctly dismissed Johnson's motion to reconsider. Judgment was entered on January 10, 2003. On January 16, 2003, Johnson's attorney filed a notice of appeal. The next day, January 17, the court received and filed Johnson's pro se motion for reconsideration and resentencing. The motion was undated. The envelope

---

[1]The presentence report and the judgment and commitment order state that Johnson pled guilty to aiding and abetting the distribution of crack, but Count Two charged him with distribution.

[2]Johnson asserted that his attorney had been ineffective in failing to inform the sentencing court that the government had not filed a notice of enhanced sentence under 21 U.S.C. § 851 (2000), and in failing to request a downward departure based on the small quantity of drugs involved in the instant offense and his prior offenses. Johnson also alleged that his attorney had prevented him from arguing these mitigating circumstances on his own behalf at sentencing.

appeared to have been postmarked January 15 or 16, 2003. The district court dismissed the motion on the ground that it lacked jurisdiction to consider the motion because jurisdiction had transferred to the appeals court when the notice of appeal was filed on January 16. *See United States v. Christy*, 3 F.3d 765, 767 (4th Cir. 1993).

However, the rule in *Houston v. Lack*, 487 U.S. 266 (1988) (pro se notice of appeal deemed filed on date delivered to prison officials for forwarding to court), applies to motions to reconsider. *See United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995). Johnson has submitted on appeal a copy of a letter to his attorney in which he states under penalty of perjury that the motion to reconsider was written on January 15 or 16 and was picked up by the night officer "at midnight or later." Given that the envelope received by the district court was post-marked January 16, it is possible that Johnson filed the motion by delivering it to prison officials before his attorney filed the notice of appeal on January 16. If the motion to reconsider was filed before the notice of appeal, the district court had jurisdiction to rule on the motion. *Christy*, 3 F.3d at 767. This factual question must be decided by the district court. Accordingly, we remand for the district court to determine whether Johnson's motion to reconsider was filed under *Houston v. Lack* before the notice of appeal was filed. The parties are directed to notify this Court immediately once the district court has made its factual finding. We will then consider the issues Johnson has raised in this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED*