**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4105**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM L. JOHNSON, a/k/a Buddy,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Joseph Robert Goodwin, District Judge. (CR-02-148)

———————

Submitted: March 26, 2004          Decided:  April 21, 2004

———————

Before WIDENER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Remanded by unpublished per curiam opinion.

———————

Barron M. Helgoe, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William L. Johnson pled guilty to distribution of cocaine base (crack) and was sentenced to 151 months imprisonment. His attorney filed a timely notice of appeal on January 16, 2003. However, Johnson filed a pro se motion for reconsideration of the sentence that was received in the district court the following day. We remanded his case to allow the district court to determine whether Johnson's pro se motion for reconsideration of his sentence was filed, pursuant to Houston v. Lack, 487 U.S. 266 (1988), before his attorney filed the notice of appeal. On remand, the district court determined that the motion for reconsideration was filed on January 15, 2003, a day before the notice of appeal was filed, and that the district court thus retained jurisdiction to consider the motion. The district court has not yet ruled on the motion for reconsideration.

When a timely motion for reconsideration is filed in a criminal case, the ten-day appeal period does not begin to run until after the motion to reconsider has been decided by the district court. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991); United States v. Dieter, 429 U.S. 6, 7-8 (1976); United States v. Healy, 376 U.S. 75, 77-79 (1964); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993). Accordingly, Johnson's notice of appeal is premature.

While the disposition of a motion for reconsideration by the district court has been held to establish jurisdiction in the appeals court, see United States v. Jackson, 950 F.2d 633, 636 (10th Cir. 1991), Johnson's notice of appeal will not be effective until the district court disposes of the motion to reconsider.

We are, therefore, constrained to remand this case once more so that the district court may rule on the motion for reconsideration. The parties should inform this Court when the district court has ruled and provide a copy of the order disposing of the motion to reconsider.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REMANDED</u>