Vacated by Supreme Court, February 28, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4105

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM L. JOHNSON, a/k/a Buddy,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Joseph Robert Goodwin, District Judge. (CR-02-148)

Submitted:  September 20, 2004          Decided:  October 19, 2004

Before WIDENER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William L. Johnson pled guilty to distribution of cocaine base (crack) and was sentenced to 151 months imprisonment. Johnson initially contended on appeal that the district court erred in dismissing his pro se motion for reconsideration and resentencing for lack of jurisdiction. We previously remanded his case for a determination of whether Johnson's motion for reconsideration of his sentence was timely filed under Houston v. Lack, 487 U.S. 266 (1988), before his attorney filed the notice of appeal. United States v. Johnson, No. 03-4105 (4th Cir. Oct. 17, 2003) (unpublished). The district court determined that the motion for reconsideration was filed before the notice of appeal and that the district court thus retained jurisdiction to consider the motion. We remanded the case a second time for a ruling on the motion. United States v. Johnson, No. 03-4105 (4th Cir. Apr. 21, 2004) (unpublished). The district court subsequently denied the motion to reconsider. Johnson does not appeal this decision.

Johnson also contends on appeal that he was denied effective assistance of counsel at sentencing in that his attorney failed to request a downward departure based on his medical condition. To succeed in a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999)

(providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). Because the defendant's health is a discouraged factor for departure under U.S. Sentencing Guidelines Manual § 5H1.4, p.s. (2002), and the district court did not indicate any desire to depart below the guideline range on this ground, the record does not conclusively demonstrate that Johnson's attorney was ineffective in failing to request a departure pursuant to § 5H1.4.

We therefore affirm the sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Counsel for Johnson has filed a motion seeking leave to file a supplemental brief so that he may challenge his sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004). The motion is hereby granted, and the motion is deemed to provide the supplemental argument regarding the effect of Blakely. After consideration of this court's en banc opinion in United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622 (4th Cir. 2004), petition for cert. filed, ___ U.S.L.W. ___, (U.S. Aug. 6, 2004) (No. 04-193), we find no error in Johnson's sentence. We do not deem it necessary to remand the case so that the district court may announce an alternative sentence.