**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4105**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM L. JOHNSON, a/k/a Buddy,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8073)

---

Submitted: September 30, 2005      Decided: February 10, 2006

---

Before WIDENER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded for resentencing by unpublished per curiam opinion.

---

Barron M. Helgoe, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William L. Johnson pled guilty to distribution of cocaine base (crack) and was sentenced as a career offender to 151 months imprisonment. We affirmed his sentence. United States v. Johnson, No. 03-4105, 2004 WL 2368106 (4th Cir. Oct. 19, 2004) (unpublished). The Supreme Court subsequently granted Johnson's petition for certiorari, vacated this court's judgment, and remanded his case for further proceedings in light of United States v. Booker, 125 S. Ct. 738 (2005).

Johnson's sentence was imposed prior to the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).

In a supplemental brief filed at this court's direction after the Supreme Court remanded his case, Johnson contends that his sentence violated the Sixth Amendment and that the district court's comments at the sentencing hearing disclose that it would have imposed a lower sentence under an advisory guidelines scheme. The government maintains that Johnson's career offender sentence did not violate the Sixth Amendment, but concedes that the record

indicates the district court might have imposed a lower sentence had it had discretion to do so.

Johnson contends that, under Booker, the district court violated his Sixth Amendment rights by making impermissible factual findings to classify him as a career offender. We are satisfied that his claim is foreclosed by United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (holding that application of career offender enhancement falls within exception for prior convictions where facts are undisputed, making it unnecessary for district court to engage in further fact finding about prior convictions); see Shepard v. United States, 125 S. Ct. 1254 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record).

Johnson did not dispute that he satisfied the requirements for career offender status. Moreover, the district court could determine from the judicial record of Johnson's prior drug convictions that he had the necessary two prior felony convictions for a controlled substance offense. See USSG § 4B1.2(b). Therefore, we conclude that no Sixth Amendment violation occurred.

As Johnson argues and the government concedes, the district court's comments at the sentencing hearing reveal that it

was dissatisfied with the constraints of the mandatory guideline system and unhappy with the length of the guideline sentence. The record thus provides a nonspeculative basis for concluding that the mandatory nature of the guidelines prevented the district court from imposing a sentence below the guideline range. Accordingly, we conclude that Johnson has made the necessary showing under United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005), and resentencing is required.

For the reasons discussed, we vacate the sentence and remand for resentencing consistent with Booker.[*] Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons

---

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Johnson's sentencing." Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 4 -

for the departure as required by 18 U.S.C.A. § 3553(c)(2).  Id. The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
FOR RESENTENCING