**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4791**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM L. JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Joseph Robert Goodwin, District Judge.  (3:02-cr-00148)

_____

Submitted:  November 30, 2006        Decided:  January 4, 2007

_____

Before WIDENER and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William L. Johnson appeals the 151-month sentence he received after his case was remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). We affirm.

Johnson was initially sentenced as a career offender to the same 151-month term after he pled guilty to distributing cocaine base (crack). His case was remanded twice for rulings on his motion to reconsider his sentence. We then affirmed the sentence. United States v. Johnson, 112 F. App'x 266 (4th Cir. Oct. 19, 2004) (No. 03-4105). The Supreme Court subsequently vacated our judgment and remanded the case for reconsideration in light of Booker. We found no Sixth Amendment error, but vacated the sentence under United States v. White, 405 F.3d 208, 223-24 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), and remanded for resentencing under an advisory guideline scheme because the district court's comments at sentencing indicated that it was dissatisfied with the mandatory guideline system and unhappy with the length of the guideline sentence. United States v. Johnson, 166 F. App'x 85 (4th Cir. Feb. 10, 2006) (No. 03-4105).

On remand, Johnson requested a downward variance based on his age (he was sixty-seven) and health problems. However, at the resentencing hearing, the district court made the following finding:

> I cannot find, given the criminal history of this defendant, even with his substantial and substantially

serious and long-lasting health problems that a variance would stand up. And I believe that with a Criminal History Category of VI that a sentence at the bottom of the guideline range is a reasonable sentence, and that a sentence below that would be unreasonable, or at least incapable of being sustained by lengthy explanation of other factors.

The court also expressed its view that the discretion afforded it under <u>Booker</u> was largely illusory because a downward variance would be unlikely to be upheld.

We have held that, in a post-<u>Booker</u> sentencing, the court must calculate the advisory guideline range and then consider whether that range "serves the factors set forth in § 3553(a)[*] and, if not, select a sentence that does serve those factors." <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). In selecting a sentence that serves the § 3553(a) factors, "the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). If the resulting departure range does not address the court's concerns, the district court may impose a variance sentence. <u>Id.</u> If the district court imposes a variance sentence, "[t]he district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range" in light of the factors in § 3553(a). <u>Id.</u>; <u>Green</u>, 436 F.3d at 456.

---

*18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).

- 3 -

We review a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." Moreland, 437 F.3d at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted).

A post-Booker sentence may be unreasonable for procedural or substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Moreland, 437 F.3d at 434 (citations omitted). "[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (citations omitted), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439). "[I]n determining whether there has been an adequate explanation, [this court does] not evaluate a court's sentencing statements in a vacuum." Id. at 381. Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for

- 4 -

[this court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

Here, the district court sentenced Johnson to the bottom of the advisory sentencing guideline range after considering the arguments of counsel. Johnson attempts to rebut the presumption of reasonableness by arguing that the court's expressed reasons for denying him a variance were vague, and did not address what the court may have believed was the appropriate sentence. We note that we remanded Johnson's case most recently for the specific purpose of allowing the district court to exercise its discretion and impose what it considered to be the appropriate sentence without the restrictions of a mandatory guideline scheme. The court chose to impose a sentence within the guideline range. We conclude that the sentence was reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED